J-S21029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KETHER OPTIMUS MASSIAZ | : | |
| | : | |
| Appellant | : | No. 229 EDA 2025 |

Appeal from the PCRA Order Entered December 13, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002242-2020

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                **FILED NOVEMBER 13, 2025**

Appellant, Kether Optimus Massiaz, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, dismissing his petition filed under the Post Conviction Relief Act ("PCRA")[1] as untimely.  We affirm.

The relevant facts and procedural history of this case are as follows.  On March 7, 2022, Appellant entered an open guilty plea to third-degree murder. That same day, the court sentenced Appellant to eight to sixteen years of incarceration.  Appellant did not file a post-sentence motion or direct appeal. On March 9, 2023, Appellant filed a *pro se* request to modify his sentence, seeking to waive the treatment program requirements.  The court dismissed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

the *pro se* filing as an untimely post-sentence motion.[2]

On December 14, 2023, Appellant filed a *pro se* request for additional time to file a PCRA petition. The court denied the request on December 19, 2023. On March 13, 2024, Appellant filed a *pro se* letter requesting appointment of counsel to file a PCRA petition. The court denied the request on March 20, 2024, without prejudice for Appellant to first file a *pro se* motion for PCRA relief.

Appellant filed the instant PCRA petition *pro se* on July 5, 2024, and the PCRA court appointed counsel. On October 30, 2024, appointed counsel sent Appellant a ***Turner***/***Finley***[3] "no merit" letter and filed a petition to withdraw as counsel. On November 6, 2024, the PCRA court issued notice of its intent to dismiss the petition per Pa.R.Crim.P. 907 and granted PCRA counsel leave to withdraw. On November 13, 2024, Appellant filed a *pro se* response to the Rule 907 notice. On December 13, 2024, the PCRA court dismissed the petition, and this timely *pro se* appeal followed.

Appellant raises the following issues on appeal:

> 1. Was [preliminary] hearing counsel, Mr. Thomas Egan, ineffective after he [represented] petitioner after he [represented] the victim, Mr. Wendell Haulcey in the past?

---

[2] ***See Commonwealth v. Torres***, 223 A.3d 715, 717 (Pa.Super. 2019) (holding that request to modify sentence filed after sentence became final constitutes untimely post-sentence motion and not PCRA petition because request is not cognizable under PCRA).

[3] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

2. Was plea counsel ineffective after he sent petitioner's entire defense discovery over to the D.A. without his permission during the plea negotiation process, nor let him see his complete discovery, which petitioner requested to see?

3. Was plea counsel ineffective after he failed to mention the overwhelming evidence that was presented to him, for informing Petitioner that this would be his last Thanksgiving in jail?

4. Was PCRA counsel ineffective … for filing a *Finley* no-merit letter that failed to adequately establish an issue of merit, which issue would have also precluded the PCRA court from accepting the *Finley* no-[merit] letter?

5. Was petitioner eligible for relief although his PCRA petition was filed more than one year after the date of final judgment, where he can prove that the exception was met [as] counsel, Mr. David Walker failed to pursue the theory of self-defense; and he failed to file an appeal?

6. Did the courts have subject matter jurisdiction to [proceed] to decide the merits of petitioner's letter/motion for PCRA relief?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). However, we give no similar deference to the court's legal

- 3 -

conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

As a preliminary matter, we note that the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Ballance***, 203 A.3d 1027 (Pa.Super. 2019), *appeal denied*, 654 Pa. 600, 216 A.3d 1044 (2019). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, the trial court sentenced Appellant on March 7, 2022. Appellant did not file post-sentence motions or a direct appeal. As such, his judgment of sentence became final 30 days later on April 6, 2022, at the expiration of time in which to file a direct appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had until April 6, 2023, to file a timely PCRA petition; the instant petition filed on July 5, 2024 is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

In an attempt to satisfy the time-bar exceptions, Appellant claims that his failure to raise his claim previously was a result of interference by government officials based on his plea counsel's failure to file a direct appeal on his behalf, and where plea counsel induced him to plead guilty despite his innocence. Appellant argues that has met the governmental interference exception to the PCRA time-bar on these grounds, and the PCRA court erred by dismissing his petition as untimely filed. We disagree.

"The proper question with respect to [the governmental interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking

the facts on which his claims are based." ***Commonwealth v. Chimenti***, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). In other words, an appellant is required to show that he would have filed his claim sooner, if not for the interference of a government actor. ***Commonwealth v. Staton***, 646 Pa. 284, 184 A.3d 949 (2018).

"[W]e note defense counsel is not considered a governmental official for the purposes of 42 Pa.C.S.A. § 9545(b)(1)(i)." ***Commonwealth v. Vinson***, 249 A.3d 1197, 1206 n.7 (Pa.Super. 2021). Furthermore, as our Supreme Court has explained, "there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of...counsel." ***Commonwealth v. Robinson***, 635 Pa. 592, 605, 139 A.3d 178, 186 (2016). As well, Pennsylvania courts have repeatedly held that claims of ineffective assistance of counsel based on counsel failing to file a direct appeal do not necessarily satisfy the exceptions to the PCRA time-bar. ***See, e.g., Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa.Super. 2001) (stating "counsel's failure to file a direct appeal was discoverable during [a]ppellant's one-year window to file a timely PCRA petition").

Here, our review of the record confirms that Appellant has not satisfied the requirements for the proffered time-bar exception. Initially, defense counsel does not constitute a government official for purposes of the alleged time-bar exception. ***See Vinson, supra***. Furthermore, Appellant's claim that

counsel failed to file a direct appeal on his behalf does not satisfy the time-bar exception, where this information was discoverable to Appellant during the one-year window to file a timely PCRA petition. **See Carr, supra**. Thus, Appellant has failed to meet his burden to establish jurisdiction over his current PCRA petition.[4] **See Balance, supra**. Accordingly, we affirm the court's order dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2025

---

[4] Based on our disposition, we decline to address Appellant's remaining issues.